IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Gregory Russell,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **No:** |
| **V.** ) | |
| ) | |
| **Mercantile Adjustment Bureau, LLC**, a New ) | |
| York Limited Liability Company; **Agent Amy**, ) | |
| Individually, and as Agent, Apparent Agent, ) | |
| Servant, and/or Employee of Mercantile ) | |
| Adjustment Bureau, LLC, ) | |
| ) | **JURY DEMANDED** |
| **Defendants.** ) | |

## COMPLAINT AT LAW

**NOW COMES Plaintiff**, **Gregory Russell**, by his Attorneys, Robert J. Semrad & Associates, L.L.C., and pursuant to this Complaint at Law, states the following against the above named **Defendants**:

## JURISDICTION

1. The jurisdiction of the court is invoked pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). Venue is proper as the actions that give rise to this complaint occurred, **Plaintiff** resides, and **Defendants** conduct business, within this District.

## PARTIES

2. **Plaintiff** is a citizen of the County of Cook, State of Illinois, and is a "consumer" as that term is defined by 15 U.S.C. § 1692(a)(3).

3. **Defendant**, **Mercantile Adjustment Bureau, LLC**, (hereinafter "**Mercantile**") is a New York limited liability company conducting business in the County of Cook, State of Illinois, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

4. **Defendant**, **Agent Amy**, is a natural person, conducting business in the County of Cook, State of Illinois, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

5.	At all relevant times, **Agent Amy** was the agent, apparent agent, servant, and/or employee of **Mercantile**, and was acting in the course and scope of her agency, servitude and/or employment with **Mercantile**.

## FACTUAL ALLEGATIONS

6.	On or around May, 2011, **Plaintiff** received a telephone call from **Agent Amy** in an attempt to collect a consumer debt.

7.	**Agent Amy** told **Plaintiff** that she was attempting to collect a consumer debt owed to Credit One Bank in the amount of $1,216.16.

8.	This alleged debt was a "debt" as that term is defined by 15 U.S.C. § 1692(a) (5).

9.	During said telephone conversation, **Plaintiff** told **Agent Amy** that he did not have any debt with Credit One Bank because it was discharged in his chapter 7 bankruptcy case.

10.	During said telephone conversation, **Agent Amy** threatened that **Plaintiff** would be taken to court if **Plaintiff** did not pay the debt or make payment arrangements immediately, even after being told by **Plaintiff** that no debt was owed

11.	**Agent Amy** called Plaintiff on or about June, 2011.

12.	During said telephone conversation **Agent Amy** threatened that **Plaintiff** would be taken to court unless he made immediate payment arrangements or paid off the debt in its entirety.

13.	**Agent Amy** neither had the present intent nor the ability to carry out said threats.

14.	As a direct and proximate result of the aforesaid harassment, **Plaintiff** suffered injuries of a personal and pecuniary nature including, but not limited to: anxiety, humiliation, embarrassment, and emotional and physical harm.

## COUNT I
### Plaintiff v. All Defendants
### Fair Debt Collection Practices Act

1-14.	**Plaintiff** restates and re-alleges paragraphs 1-14, as and for paragraphs 1-14 of Count I, as though fully set forth herein.

2

15. The aforementioned telephone calls from **Agent Amy** to **Plaintiff** were collection communications in violation of provisions of the FDCPA, as aforesaid.

16. As a direct and proximate result of the aforementioned actions, **Plaintiff** suffered injuries of a personal and pecuniary nature including, but not limited to: anxiety, embarrassment, and emotional harm, physical harm.

17. As a result of **Defendants** violations of the FDCPA, **Plaintiff** is entitled to actual damages pursuant to 15 U.S.C. § 1692(k)(a)(1); statutory damages in an amount up to $1,000.00 per incident, pursuant to 15 U.S.C. § 1692(k)(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692(k)(a)(3) from **Defendants**.

**WHEREFORE**, **Plaintiff** prays that judgment be entered

- against **Mercantile**; and **Agent Amy**, individually, and as agent, apparent agent, servant, and/or employee of **Mercantile,** and each of them, and in favor of **Plaintiff,** for an award of actual damages pursuant to 15 U.S.C. § 1692(k)(a)(1);

- against **Mercantile**; and **Agent Amy**, individually, and as agent, apparent agent, servant, and/or employee of **Mercantile,** and each of them, and in favor of **Plaintiff,** for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692(k)(a)(2)(A);

- against **Mercantile**; and **Agent Amy**, individually, and as agent, apparent agent, servant, and/or employee of **Mercantile,** and each of them, and in favor of **Plaintiff,** for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692(k)(a)(3); and;

- for any other such further relief as may be just and proper.

### COUNT II
### Plaintiff v. Mercantile
### Negligence

1-14. **Plaintiff** restates and re-alleges paragraphs 1-14, as and for paragraphs 1-14 of Count II, as though fully set forth herein.

15. At all times relevant, **Mercantile**, by and through its agents, servants, and/or employees, knew, or should have known, that **Agent Amy** was likely to violate provisions of the FDCPA when collecting debts from **Plaintiff** and others, at the time it hired **Agent Amy.**

16. At all times relevant, **Mercantile**, by and through its agents, servants, and/or employees, knew, or should have known, that **Agent Amy** was violating provisions of the FDCPA when collecting debts from **Plaintiff** and others, throughout the employ of **Agent Amy.**

17. At all times relevant, **Mercantile**, by and through its agents, servants, and/or employees, knew, or should have known, that **Agent Amy** required proper training in order to comply with the FDCPA, and that without proper training, was likely to violate the FDCPA.

18. At all times relevant, **Mercantile** had a duty to exercise due care in the hiring, retention, training, and supervision of the debt collectors in its employ.

19. Notwithstanding the aforesaid duty, **Mercantile**, by and through its agents, apparent agents, servants, and or employees breached their duty in one or more of the following ways:

    a. Carelessly and negligently hired **Agent Amy**;

    b. Carelessly and negligently failed to properly train **Agent Amy**;

    c. Carelessly and negligently retained **Agent Amy**; and

    d. Carelessly and negligently, failed to properly supervise **Agent Amy**.

20. As a direct and proximate result of the aforementioned actions and/or omissions, **Agent Amy** violated the FDCPA as aforesaid while attempting to collect a debt from **Plaintiff**.

21. As a direct and proximate result of the aforementioned actions and/or omissions, **Plaintiff** suffered injuries of a personal and pecuniary nature including, but not limited to: anxiety, embarrassment, and emotional and physical harm.

    **WHEREFORE**, **Plaintiff** prays that judgment be entered:

- against **Mercantile**, in favor of **Plaintiff**, for an award of actual damages;
- against **Mercantile**, in favor of **Plaintiff**, for an award of costs of suit; and
- for any other such further relief as may be just and proper.

## COUNT III
## Plaintiff v. Mercantile
## Willful, Wanton Behavior

1-14. **Plaintiff** restates and re-alleges paragraphs 1-14 of the common counts, as and for paragraphs 1-14 of Count III, as though fully set forth herein.

15. At all times relevant, **Mercantile**, by and through its agents, servants, and/or employees, knew, or should have known, that **Agent Amy** was likely to violate provisions of the FDCPA when collecting debts from **Plaintiff** and others, at the time it hired **Agent Amy.**

16. At all times relevant, **Mercantile**, by and through its agents, servants, and/or employees, knew, or should have known, that **Agent Amy** was violating provisions of the FDCPA when collecting debts from **Plaintiff** and others, throughout the employ of **Agent Amy**.

17. At all times relevant, **Mercantile**, by and through its agents, servants, and/or employees, knew, or should have known, that **Agent Amy** required proper training in order to comply with the FDCPA, and that without proper training, was likely to violate the FDCPA.

18. At all times relevant, **Mercantile,** had a duty to exercise due care in the hiring, retention, training, and supervision of the debt collectors in its employ.

19. Notwithstanding the aforesaid duty, in conscious disregard to, and in utter disregard for the rights of those it was attempting to collect from, including **Plaintiff**, **Mercantile**, by and through its agents, apparent agents, servants, and or employees acted willfully and wantonly in one or more of the following ways:

    a. Willfully and wantonly hired **Agent Amy**;

    b. Willfully and wantonly failed to properly train **Agent Amy**;

    c. Willfully and wantonly retained **Agent Amy**; and

    d. Willfully and wantonly failed to properly supervise **Agent Amy.**

20. As a direct and proximate result of the aforementioned actions and/or omissions, **Agent Amy** violated the FDCPA as aforesaid while attempting to collect a debt from **Plaintiff**.

21. As a direct and proximate result of the aforementioned actions and/or omissions, **Plaintiff** suffered injuries of a personal and pecuniary nature including, but not limited to: anxiety, embarrassment, and emotional and physical harm.

**WHEREFORE**, **Plaintiff** prays that judgment be entered:

- against **Mercantile**, in favor of **Plaintiff**, for an award of actual damages;
- against **Mercantile**, in favor of **Plaintiff**, for an award of punitive damages;
- against **Mercantile**, in favor of **Plaintiff**, for an award of costs of suit; and
- for any other such further relief as may be just and proper.

Respectfully Submitted,

/s/ Christian D. Elenbaas
Christian D. Elenbaas
ARDC 6291530

Robert J. Semrad & Associates, L.L.C.
*Attorneys for Plaintiff*
20 S. Clark St., 28th Floor
Chicago, Illinois 60603
Ph 312-913-0625 ext. 1170
Fax 312-476-8530